Anne Johnson Palmer (CSB # 302235)
*anne.johnsonpalmer@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350

John D. Donovan (*admitted pro hac vice*)
*john.donovan@ropesgray.com*
Robert A. Skinner (*admitted pro hac vice*)
*robert.skinner@ropesgray.com*
Amy D. Roy (*admitted pro hac vice*)
*amy.roy@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

Attorneys for Defendant
*T. ROWE PRICE ASSOCIATES, INC.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ZOIDIS, et al., | ) )  Case No. 16-cv-02289-VC |
| Plaintiffs, | ) ) |
| v. | ) ) **DEFENDANT T. ROWE PRICE** |
| | ) **ASSOCIATES, INC.'S REQUEST FOR** |
| T. ROWE PRICE ASSOCIATES, INC., | ) **JUDICIAL NOTICE IN SUPPORT OF** |
| | ) **MOTION TO DISMISS** |
| Defendant. | ) ) |

## I.     INTRODUCTION

Defendant T. Rowe Price Associates, Inc. ("TRP" or "Defendant") respectfully requests that the Court take judicial notice of the documents attached to the concurrently filed Declaration of Amy D. Roy in Support of Defendant's Motion to Dismiss ("Roy Declaration").  For the reasons set forth below, the Court may take judicial notice and consider the contents of these

1   documents based on the incorporation by reference doctrine, Rule 201 of the Federal Rules of

2   Evidence, and applicable case law.

3   **II.     ARGUMENT**

4          The exhibits attached to the Roy Declaration are proper subjects of judicial notice and

5   should be considered by the Court in connection with Defendant's Motion to Dismiss ("Motion to

6   Dismiss").  Exhibits A, B, D, and F are expressly referenced in the Complaint and are therefore

7   properly considered, in their entirety, because they are incorporated by reference into the

8   Complaint.  Exhibits C, E, G, H, I, J1-J8, and K, although not specifically referenced in the

9   Complaint, are also properly subject to judicial notice because they (i) contain information upon

10  which plaintiffs' claim necessarily depends; and/or (ii) are public records whose authenticity no

11  party questions.

12         **A.     Legal Standard**

13         In the context of a Rule 12(b)(6) motion, the Court may properly go beyond the pleadings

14  themselves and examine "documents incorporated into the complaint by reference, and matters of

15  which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

16  308, 322 (2007); *accord Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (a

17  court ruling on motion to dismiss "may consider documents referred to in the complaint or any

18  matter subject to judicial notice").

19         The incorporation by reference doctrine "permits a district court to consider documents

20  whose contents are alleged in a complaint and whose authenticity no party questions, but which

21  are not physically attached to the [plaintiff's] pleading."  *In re Silicon Graphics Inc. Sec. Litig.*,

22  183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted), *abrogated on other grounds*

23  *by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008); *see also Branch v. Tunnell*,

24  14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa*

25  *Clara,* 307 F.3d 1119 (9th Cir. 2002).  The Court may consider these documents to be true and as

26  part of the complaint within the context of a motion to dismiss under Rule 12(b)(6).  *Davis v.*

27  *HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).  The Ninth Circuit interprets this

28  doctrine liberally, applying it when "the plaintiff's claim depends on the contents of a document,

the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The incorporation by reference doctrine therefore prevents plaintiffs from strategically excluding references to relevant documents solely for the purpose of combatting a 12(b)(6) motion. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998), *superseded on other grounds by statute*, Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4.

Further, Federal Rule of Evidence 201 allows the Court to consider judicially noticed documents when deciding a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Under Rule 201, the Court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents of public record conclusively meet these criteria. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In fact, courts routinely take judicial notice of a company's public disclosures filed with the Securities and Exchange Commission (the "SEC"). *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Dreiling*, 458 F.3d at 946 n.2; *Ritz Camera & Image, LLC v. Sandisk Corp.*, 772 F. Supp. 2d 1100, 1109 (N.D. Cal. 2011); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1241 (N.D. Cal. 2008). Likewise, court documents from other proceedings are also properly subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1121 (N.D. Cal. 2009).

## B.   The Proposed Documents are Judicially Noticeable

TRP seeks judicial notice of four categories of documents: (1) documents explicitly referenced in the Complaint (Exs. A, B, D, and F); (2) public disclosures filed with the SEC (Exs. C, E, G, and H); (3) publicly available reports published by industry analyst Morningstar, Inc. (Exs. J1-J8); and (4) court documents including a complaint filed in an unrelated federal district court case alleging "excessive" mutual fund fees in violation of Section 36(b) of the Investment

1    Company Act of 1940, 15 U.S.C. § 80a-35(b) ("ICA") (Ex. K), and a slip opinion recently issued

2    by a federal district court granting a defendant's motion to dismiss a Section 36(b) complaint for

3    failure to state a claim (Ex. I).  These documents are all properly subject to judicial notice because

4    they are either (i) directly referenced by plaintiffs in the Complaint; (ii) contain information upon

5    which plaintiffs' claim necessarily depends; and/or (iii) are public records whose authenticity no

6    party questions.

7         Exhibits A, B, D, and F are explicitly referenced in the Complaint and are publicly

8    available SEC filings related to one of the eight TRP funds (the "Funds") at issue in this case.

9    Accordingly, it is appropriate for the Court to consider the entirety of these exhibits in connection

10   with the Motion to Dismiss because they are incorporated into the Complaint by reference.  *See*

11   *Tellabs*, 551 U.S. at 322; *Silicon Graphics*, 183 F.3d at 986; *Branch*, 14 F.3d at 454.  Plaintiffs

12   cannot now seek to block consideration of the same documents for purposes of the Motion to

13   Dismiss, having previously relied on these public disclosures in the Complaint.

14        Exhibits C, E, G, and H are public disclosures of various of the eight Funds and 24

15   plaintiff-identified comparator funds for which TRP serves as sub-adviser (the "Sub-Advised

16   Funds"), which were filed with the SEC and are available through the SEC's publicly accessible

17   EDGAR database.  The documents discuss the advisory and sub-advisory fees charged to the

18   Funds and the Sub-Advised Funds during the applicable time period, the services rendered in

19   return for those fees, and the Funds' performance.  They are properly subject to judicial notice on

20   several grounds.   The Complaint extensively discusses and heavily relies upon the Funds'

21   investment services and associated fees and expenses in comparison to the Sub-Advised Funds.

22   As a result, plaintiffs' claim necessarily depends upon the data contained in these disclosures, and

23   they are incorporated into the Complaint by reference despite not being identified by name.  *See*

24   *Knievel*, 393 F.3d at 1076; *Parrino*, 146 F.3d at 706.  Indeed, the Complaint explicitly states that

25   its allegations are based on "a review of documents filed with the Securities and Exchange

26   Commission," Compl. at 1, and goes on to reference such public filings throughout the course of

27   the Complaint; thus the Complaint references, and clearly relies on, these public filings.  *See*

28   *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998).  Further, because the documents are

on file with the SEC, they are indisputably matter of public record, and therefore judicially noticeable.  *See Metzler*, 540 F.3d at 1064 n.7; *Dreiling*, 458 F.3d at 946 n.2.

Exhibits J1-J8 are publicly available reports published by Morningstar, comparing the Funds' fees and performance to those of its peer funds.  As these reports are unquestionably authentic, it is appropriate for the Court to judicially notice them.  *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d at 1239 (taking judicial notice of Piper Jaffray analyst report rating the performance and risk of company's securities); *Curran v. Principal Mgmt. Corp., LLC*, No. 4:09-CV-00433, 2010 WL 2889752, at *1 n.1 (S.D. Iowa June 8, 2010) (taking judicial notice of Morningstar report on motion to dismiss in a Section 36(b) case), *order vacated in part on other grounds on reconsideration*, 2011 WL 223872 (Jan. 24, 2011); *see also Plevy*, 38 F. Supp. 2d at 821 (noting that "analysts' report may be proper subject matter for judicial notice"); *Ravens v. Iftikar*, 174 F.R.D. 651, 660-61 (N.D. Cal. 1997) (taking judicial notice of the NASDAQ Composite Index data and Westlaw reports of historical securities price and volume data).

Finally, Exhibits I and K are publicly filed court documents, including a complaint and slip opinion, in unrelated Section 36(b) actions.  As a result, the Court should judicially notice them as documents in the public record.  *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Rosal*, 671 F. Supp. 2d at 1121.

## III.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court take judicial notice of all of the documents attached to the Roy Declaration in conjunction with the Motion to Dismiss.

Dated: July 1, 2016

Respectfully submitted,

Robert A. Skinner
ROPES & GRAY LLP


By:     /s/ Robert A. Skinner

Robert A. Skinner

Attorneys for Defendant
T. ROWE PRICE ASSOCIATES, INC.