UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ZOIDIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> T. ROWE PRICE ASSOCIATES, INC., <br><br> Defendant. | Case No. 16-cv-02289-VC <br><br> **ORDER GRANTING MOTION TO TRANSFER; DENYING MOTION TO SHORTEN TIME; DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> Re: Dkt. No. 25, 43, 44 |

      The plaintiffs in this case, shareholders in eight mutual funds advised by defendant T. Rowe Price Associates, Inc., claim that T. Rowe Price breached its fiduciary duty to those funds in violation of Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b) by charging them higher rates for investment management than other clients for the same or substantially the same services. The plaintiffs further assert that the fees bear no reasonable relationship to the value of services provided and were not the product of arms-length bargaining. The plaintiffs seek to recover for each fund the allegedly excessive investment management fees, as well as lost profits and other actual damages. T. Rowe Price moves to transfer this case to the District of Maryland under 18 U.S.C. § 1404(a). The motion to transfer is granted.

      Assuming venue is proper in this district under 15 U.S.C. § 80a-43, the Court finds on balance that T. Rowe Price has met its burden to show that transfer to the District of Maryland under section 1404(a) would be more convenient for the parties and witnesses, and would promote the interests of justice. *See, e.g.*, *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d

1151, 1156 (N.D. Cal. 2009).  First, the plaintiffs do not reside in this forum, which means their choice is entitled to "considerably less weight."  *Id.*[1]  Indeed, the plaintiffs' choice in this case is entitled "only to minimal consideration" because the alleged misconduct did not occur in this district, and this district has no particular interest in the parties or the subject matter.  *Desert Survivors v. U.S. Dept. of Int.*, No. 16-cv-01165-JCS, 2016 WL 3844332, at *8 (quoting *Pac. Car & Foundry v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.").  Most of the parties and witnesses are located in the Midwest and on the East Coast, which suggests that trial in Maryland will be more convenient than trial in Northern California.  It also appears that it would be substantially more convenient for witnesses employed by T. Rowe Price in Maryland for trial to be conducted there.  The other factors are either neutral or slightly favor transfer.  Accordingly, the Clerk of the Court is directed to transfer this case to the District of Maryland.

    **IT IS SO ORDERED.**

Dated: August 4, 2016

_____
VINCE CHHABRIA
United States District Judge

---

[1] The day before the hearing on the motion to transfer, the plaintiffs filed a motion for leave to file an amended complaint to add three plaintiffs who are California residents (the existing plaintiffs being from New York and Michigan).  The plaintiffs also filed a motion to shorten time so that the hearing on their motion for leave to amend the complaint could be heard at the same time as the hearing on the motion to transfer.  Even if the Court were inclined to entertain it, this last-minute attempt to add three California plaintiffs would change nothing.  As plaintiffs' counsel confirmed at the hearing, none of the three proposed plaintiffs is from this district, so their addition would create no additional connection to this district.  Moreover, in contrast to, say, a proposed wage-and-hour class action, the addition of new plaintiffs would add nothing to the case.  It doesn't matter whether this Section 36(b) action, brought on behalf of the funds, is pursued by eight plaintiffs or eleven plaintiffs.  The motion for leave to file an amended complaint is therefore denied without prejudice, and the motion to shorten time is denied.